UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ELAINE GILLIT<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01126-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

| | |
|---|---|
| 1 | I. PROCEDURAL BACKGROUND |
| 2 | Plaintiff applied for both disability insurance benefits and for supplemental security |

I. PROCEDURAL BACKGROUND

Plaintiff applied for both disability insurance benefits and for supplemental security income on October 24, 2013. Administrative Record ("AR") 313-37, 347-48.[2] The disability onset date for both applications was alleged to be April 10, 2012. Id. The applications were disapproved initially and on reconsideration. AR 11. On February 3, 2016, ALJ B.D. Crutchfield presided over the hearing on plaintiff's challenge to the disapprovals. Id. Plaintiff was present and testified at the hearing. Id. Plaintiff was represented by Esther Sanders, Esq., at the hearing. Id. Angharad B. Young, a vocational expert, also appeared at the hearing. Id.

On February 25, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 11-19 (decision). On April 4, 2017, after receiving counsel's Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision).

Plaintiff filed this action on May 29, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 15. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born in 1967, and accordingly was 45 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 18; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has at least a high school education, and can communicate in English. AR 18.

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."

---

[2] The AR is electronically filed at ECF No. 9-3 through 9-13 (AR 1 to AR 672).

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r of Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see

also <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. . ..'" <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); <u>Barnhart v. Thomas</u>, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

<u>Id.</u>, §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

<u>Id.</u>, §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Id.</u>, §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since April 10, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disk disease of the lumbar spine, history of intramedullary rodding of right femur, right elbow cubital tunnel syndrome, anxiety NOS, right carpal tunnel syndrome, and mood disorder NOS (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift/carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, she can stand/walk for 6 hours and sit for 6 hours, all with normal breaks. Climbing is occasional. She should avoid concentrated exposure to extreme heat and cold and wetness. She is able to complete simple, repetitive tasks.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as an airport screener. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 10, 2012 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 13-19.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 19.

## VI. ANALYSIS

Plaintiff alleges in general terms that the ALJ's decision "presents myriad errors of non-explanation," and identifies several alleged omissions in the ALJ's decision. ECF No. 14 at 5. The court interprets the plaintiff's objections as follows: the ALJ (1) failed to include and discuss consultative exam reports, (2) failed to discuss non-examining state agency doctors' opinions, (3) failed to explain why specific limitations indicated by the medical record were not included in the RFC, and (4) failed to properly address plaintiff's severe carpel tunnel syndrome. ECF No. 14 at 2-9.

### A. The ALJ Erred by Failing to Discuss the Past Consultative Exams

The ALJ erred by not discussing the consultative exams used in the previous finding of disability through April 9, 2012.[3] Specifically, plaintiff alleges that the ALJ ignored 2012 consultative examination ("CE") reports from orthopedist Dr. Dale H. Van Kirk and psychologist Dr. Silvia Torrez. AR 489-97, 498-502. The court agrees and finds error.

The Ninth Circuit has "developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." Ryan v. Comm'r of Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir.2008). On evaluation, the court will "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Id. (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987)). "While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight

---

[3] Previous decision located at AR 123-36.

than that of a non-examining physician." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014). "An ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it." Id. The court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Here, the ALJ entirely failed to mention the opinions of Dr. Van Kirk and Dr. Torrez. This was error. Garrison, 759 F.3d 995. The Commissioner argues that Dr. Van Kirk's and Dr. Torrez's assessments are not relevant because "medical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). The court does not read Carmickle to excuse the ALJ's omission. First, the ALJ in Carmickle actually addressed and weighed the CE opinion at issue. Id. Second, the CE opinion at issue in Carmickle predated an accident that was the alleged source of the Carmickle claimant's alleged impairments in that case. Id. at 1165.

Unlike in Carmickle, the CE opinions in this case were completed in January and April of 2012, within four months of the alleged onset date of April 10, 2012 in the current claim. AR 489-97, AR 498-502. These prior CE's were discussed in the April 19, 2013 decision that concluded Plaintiff was disabled from January 13, 2010 through April 9, 2012. AR 123-36. It is the ALJ's province to weigh these opinions in the first instance and determine their impact on disability; either opinion might alter the ALJ's ultimate conclusions on disability. For example, as plaintiff points out, Dr. Van Kirk states that the "sensory examination is very peculiar" and "numbness of the whole right side of her body starting at the midline." ECF No. 14 at 3; AR 501. The 2012 CEs are potentially relevant to the determination of disability after the alleged onset date of April 10, 2012 because of the degenerative nature of plaintiff's back ailment and the proximity in time. The ALJ erred in failing to address Dr. Van Kirk's and Dr. Torrez's opinions, and such error requires reversal for the ALJ's further consideration.

B. <u>The ALJ Erred by Failing to Discuss the State Agency Physicians' Opinions</u>

Plaintiff argues that the ALJ erred in failing to discuss the opinions of State agency physicians Dr. I. Ocrant, Dr. A. Pan, Dr. E. Aquino-Caro, and Dr. Preston Davis. AR 141-52,

182-84, 184-85. For the same reasons articulated above, the court agrees there was error. The ALJ must discuss medical opinion evidence, including that of non-examining doctors. 20 C.F.R. §§ 404.1527(b) and (c)/416.927(b) and (c). As discussed above, and ALJ is not free to ignore potentially probative medical evidence. See, Garrison, 759 F.3d at 1012-13.

Here, the Commissioner concedes that the ALJ "should have explained the weight given to these opinions," but that "any error was harmless because the opinions were wholly consistent with the ALJ's RFC finding." ECF No. 16 at 9. The court disagrees that the error here was necessarily harmless. Error is harmless and will not support reversal when it is "inconsequential to the ultimate nondisability determination." Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). But, the "decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015). Although the Ninth Circuit has rejected the idea that failing to mention relevant medical evidence precludes consideration of the harmless error doctrine, the omission of evidence makes it difficult for the court to conclude with certainty how the ALJ would have utilized that evidence to influence his RFC findings. Id.

Here, a review of the omitted opinions demonstrates that reversal is required. Dr. Ocrant's opinion contains limitations with respect to ladders, scaffolds and ropes which are not addressed in the RFC. AR 148. The opinions of Dr. Aquino-Caro and Dr. Davis contain social restrictions not clearly addressed in the RFC. AR 149-150, 184-85. The ALJ must address these limitations in the first instance; failure to address them was not harmless. Reversal is not required with respect to Dr. Pan's opinion, which is entirely consistent with the RFC. AR 182-84.

C. The ALJ Failed to Include Specific Limitations in RFC Analysis

The ALJ erred in failing to explain why specific limitations were not included in the RFC determination. As Plaintiff points out in her brief, the ALJ assigned "great weight" to the CE conducted by Dr. Satish Sharma on April 3, 2014. AR 590-95. Dr. Sharma's CE includes the following functional capacity assessment: "Based upon today's physical examination and observations, she has limitation in lifting to 25 pounds, frequently and 50 pounds occasionally. Standing and walking limited to 6 hours per day with normal breaks. Bending and stooping

should be done occasionally. Sitting limited to 6 hours per day. Limitation in holding, feeling, and fingering objects with the right hand to frequently. No limitation in speech, hearing, or vision." AR 594. The ALJ purports to assign "great weight" to this CE, but its recitation of findings from Dr. Sharma's examination report states: "Dr. Sharma found the claimant having the full range of bilateral shoulder abduction, bilateral elbow flexion, bilateral range of motion of the wrists and the fingers of both hands. In an exam on April 3, 2014, Satish Sharma, M.D. concluded Ms. Gillit could lift 50 pounds occasionally and 25 pounds frequently. She could stand/walk 6 hours a day. Sitting was also possible for 6 hours. Even with her carpal tunnel syndrome, Ms. Gillit could frequently hold, feel, and finger objects with her right hand" AR 17. The RFC does not assign any limitations in bending and stooping, nor are there any limitations corresponding to Dr. Sharma's limitations on holding, feeling, and fingering objects.[4] AR 15.

Plaintiff also argues the ALJ erred by inaccurately describing the findings of the June 27, 2013 MRI's. In the decision's summary of documentary evidence, the ALJ describes the findings of a cervical spine MRI conducted on 6/27/13, and a lumbar MRI conducted on the same day. These findings include "mild lumbar disc desiccation and bulging with no central canal stenosis" and "minimal disc protrusion and mild disc desiccation and bulging." AR 16, 17. The list of impressions from the cervical spine MRI conducted on 6/27/13 read in full: (1) Minimal disc protrusions are seen at C4-C5 and C5-C6; and (2) There is multilevel moderate to severe facet arthropathy. AR 476-77. The full list of impressions from the lumbar MRI conducted on 6/27/13 are: (1) L4-L5 mild disc desiccation and posterolateral annulus bulging, at least 3 mm. Endplate bone spurring and facet arthropathy noted with mild bilateral foraminal stenosis, right worse than left; (2) Mild posterior annulus bulging at L5-S1 level, less than 3 mm. Arthropathy also noted without foraminal stenosis; (3) No central canal stenosis. AR 478-79. The decision does not

---

[4] Full Decision located at AR 8-19. The Full RFC determination ("finding 5") reads: "After careful consideration of the entire record, I find that the claimant has the residual capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift/carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, she can stand/walk for 6 hours and sit for 6 hours, all with normal breaks. Climbing is occasional. She should avoid concentrated exposure to extreme heat and cold and wetness. She is able to complete simple, repetitive tasks."

explain the omission of some of the impressions in the MRI findings or why the summary of the MRI reports only included "minimal disc protrusion and mild disc desiccation and bulging." AR 17.

An ALJ errs when he relies on selected evidence in a medical record while ignoring other, contradictory evidence when making an RFC determination. Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001). When weighing a medical opinion, the ALJ need not agree with everything contained in that opinion and can consider some portions less significant than others when evaluated against the record evidence. Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989). However, an ALJ may not cherry pick portions of a physician's opinion to support his conclusion while ignoring contradictory information in the same opinion. Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014).

Here, the ALJ erred by failing to explain the reason for the discrepancies between Dr. Sharma's findings and the RFC determination. AR 590-95. The ALJ also erred by omitting some impressions from the MRI findings without explanation. AR 478-79. The Commissioner argues that the omission of the CE limitations in the RFC determination is at most harmless error because the ALJ included the limitations in the hypothetical posed to the vocational expert ("VE"). ECF No. 16 at 10-11, AR 62-65. The argument continues that "Plaintiff would not be disabled at step four of the disability analysis—as the ALJ found—even if the ALJ specifically adopted Dr. Sharma's manipulative and postural limitations." ECF No. 16 at 10. The VE testimony supported the determination that claimant could perform past work, even with the limitations listed in Dr. Sharma's CE. AR 62-65. The ALJ relied on the VE testimony to conclude at step four that claimant could return to her previous work. AR 17-19. The Commissioner is correct that this may render the error with respect to Dr. Sharma harmless, but because reversal is required regardless, the ALJ should address the gaps left by his analysis of Dr. Sharma's report. The Commissioner does not address the discrepancies in the MRI findings.

It is unclear if the omitted MRI findings and omitted limitations in Dr. Sharma's opinion support a finding of disability when considered along with the entire record. It is also unclear how, or if, the MRI findings and Dr. Sharma's opinions supporting disability were weighed in the

determination of the RFC. The court cannot say with certainty that it was clear from the record that the ALJ's error was "inconsequential to the ultimate non-disability determination." Robbins, 466 F.3d at 885. The ALJ's errors were not harmless and require remand.

### D. The ALJ Failed to Assign Limitations in the RFC to Accommodate Carpel Tunnel

Plaintiff's final argument is that the ALJ did not account for a diagnosis in the record of "severe" right carpel tunnel syndrome. AR 544 (also found at AR 503). This is not the case, although the issue may need revisiting in light of the findings above regarding Dr. Sharma's opinion. In his decision, the ALJ specifically addresses plaintiff's right carpel tunnel syndrome but finds that in light of Dr. Sharma's opinion, even with the carpel tunnel syndrome, plaintiff was still capable of working within the limitations described in the RFC. AR 17. Nonetheless, because reversal is required with respect to Dr. Sharma's opinion, the ALJ should revisit this issue in light of the matters to be addressed on remand.

### E. Remand for Benefits or for Further Proceedings

As discussed above, the undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's errors in this matter was harmful; proper consideration of the full scope of medical evidence may weigh on the ultimate finding of disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ omitted several medical opinions, or portions of medical opinions, from consideration. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;
3. The matter is REMANDED to the Commissioner for further proceedings; and
4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 20, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE